IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TYRONE HURT | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv427 |
| UNITED STATES OF AMERICA, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Tyrone Hurt, a resident of Washington, D.C., proceeding *pro se*, brings this voting rights and civil rights action against the United States of America and the United States Supreme Court.

Discussion and Analysis

Interpreted liberally, plaintiff's complaint invokes federal question jurisdiction under the Voting Rights Act, 42 U.S.C. §§ 1971-1975d, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973). Further, in actions to enforce the Voting Rights Act, courts also look to the venue provisions of 28 U.S.C. § 1391. *See LaRouche v. Fowler*, 77 F.Supp.2d 80 (D.D.C. 1999). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose.

Plaintiff has alleged no basis for venue being proper in this court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this court, nor does

plaintiff allege any defendant resides within this district. Accordingly, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff provided a home address located in the District of Columbia. Additionally, the United States Supreme Court is located in the City of Washington within the District of Columbia. Thus, it would appear that any act or omission which forms the basis of this complaint occurred in the District of Columbia where the plaintiff and defendant are located, and not in the Eastern District of Texas. Accordingly, after due consideration, it is the opinion of the Court that this case should be transferred to the United States District Court for the District of Columbia. An appropriate order so providing will be entered by the undersigned.

SIGNED this 3rd day of September, 2014.

_____
Zack Hawthorn
United States Magistrate Judge